UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Tameron, on behalf of himself and all other similarly situated consumers,<br><br>  Plaintiff,<br><br>  vs.<br><br>Enhanced Recovery Company LLC d/b/a/ ERC,<br><br>  Defendant. | ) Case No.:<br>)<br>)<br>)<br>)<br>) **COMPLAINT**<br>)<br>)<br>)<br>) |

Plaintiff, Joseph Tameron (hereinafter "Plaintiff") hereby alleges:

## PRELIMINARY STATEMENT

1.   This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

3.   Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4.   Plaintiff Joseph Tameron ("Plaintiff") is a natural person, who at all relevant times has resided at 101 Christopher Avenue, Superior, Arizona 85173 and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.   Defendant Enhanced Recovery Company LLC d/b/a/ ERC ("Defendant" or "ERC") is a corporation doing business in the State of Arizona, with its corporate address as 8014 Bayberry Road, Jacksonville, Florida 32256 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a).

## FACTUAL STATEMENT

6.   The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers.

7.   One type of conduct in particular which Congress sought to prevent is the pursuit by debt collectors in collecting extra fees from the consumer.

8.   On or around May 3, 2017, the Plaintiff's original creditor, DirecTV, assigned Plaintiff's alleged debt of $396.16 (the "debt") to ERC to collect. *See* Exhibit A, Letter from ERC to the Bureau of Consumer Financial Protection.

9.   On or around August 1, 2018, Plaintiff made payment to ERC in the amount of $150.00 in addition to a $12.95 "convenience fee". According to ERC, this reduced the total debt to $246.16. *See* Exhibit A.

10.   On or around September 26, 2018, Plaintiff made payment to ERC in the amount of $246.16 in addition to a "convenience fee" of $12.95 "convenience fee". According to ERC, this reduced the total debt to $0. *See* Exhibit A.

11.   The "convenience fee" was not deducted from the total amount of the debt. *See* Exhibit A. In fact, the "convenience fee" was an illegal collection fee.

12.   Arizona law expressly disallows for the collection of fees such as "convenience fee".

13.   A.R.S. § 32-1051 imposes requirements on businesses collecting debts in Arizona. *Section 5(c)* prohibits debt collectors from giving or sending any notice or message which "represents or

2

infers that the existing obligation of the debtor may be increased by the addition of attorneys' fees, investigation fees, service fees, or any other fees or charges when in fact these fees or charges may not legally be added to the existing obligation of the debtor."

14. Accordingly, Defendant's illegal collection of its "convenience fee" violates the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

15. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

16. Plaintiff seeks certification of the following class, initially defined as follows:

**The Class: All consumers with an Arizona address that paid a convenience fee to Defendant for payments for personal, household, or family debts within one year prior to the filing of this complaint.**

17. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

18. Upon information and belief, Defendant has attempted to collect a debt from hundreds if not thousands of consumers throughout the State of Arizona, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19. The letters sent by Defendant, and received by the class, are to be evaluated by the standard of the "least sophisticated consumer".

20. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

21. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

22. The Plaintiff's claims are typical of the claims of the Class members. Plaintiff and all members of the Plaintiff's Class defined in this Complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

23. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24. Neither the Plaintiff nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding via Class Action is Superior and Advisable

25. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

26. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

27. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

28. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

30. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

32. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

33. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

34. Defendant's false and deceptive representations to the Plaintiff in an attempt to collect an alleged debt from Plaintiff violates the below provisions of the FDCPA.

35. Section 1692e provides:

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

36. Section 1692f provides:

> § 1692f. Unfair Practices
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
>
> WHEREFORE, Plaintiffs respectfully request that this Court do the following:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiffs' Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), for each named Plaintiff and each member of the class;

C. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

D. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

37. Plaintiff demands a jury trial on all issues so triable.

Dated this 23rd of May, 2019.

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel, Esq.
Zemel Law LLC
1373 Broad St. Suite 203-C
Clifton, New Jersey 07013
Tel: (862) 227-3106
Email: dz@zemellawllc.com
Attorney for Plaintiff